IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEAN COULTER,  )
    Petitioner,  )
                      )
      v.  ) 2:10-cv-965
                        )
TOM CORBETT, et al.,  )
    Respondents.  )

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of Jean Coulter for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Jean Coulter has presented a petition for a writ of habeas corpus. In her petition, Coulter alleges that following her plea of nolo contendere to charges of aggravated assault committed against her minor daughter, she was sentenced on July 17, 2007 to a fifteen to thirty month period of incarceration to be followed by thirty-six months of probation at No. 727 of 2006 in the Criminal Division of the Court of Common Pleas of Butler County, Pennsylvania.[1] An appeal was taken to the Superior Court and dismissed by the latter Court on March 24, 2008 for failure to comply with Pa.R.A.P. 3517.[2]

On December 7, 2009, the petitioner filed a notice of appeal nunc pro tunc and that notice was dismissed as untimely on January 5, 2010.[3] Petitioner subsequently filed a petition for reconsideration of sentence and a petition to correct sentence both of which were denied.[4] The

---

[1] See: Exhibit 9 to the original answer of the Commonwealth.
[2] See: Exhibit 17 to the original answer of the Commonwealth.
[3] See: Exhibits 18 and 19 to the original answer of the Commonwealth.
[4] See: Exhibits 20, 21, 22 and 23 to the original answer of the Commonwealth.

petitioner unsuccessfully appealed the denial of leave to file an appeal nunc pro tunc as well as the denials of her petition for reconsideration of sentence and petition to correct sentence.[5]

In anticipation of the petitioner's scheduled release from incarceration on January 25, 2010, on January 22, 2010, the Commonwealth filed a Motion for Special Conditions of Probation requiring that the petitioner not have any contact with her daughter, the victim of the crime; that she have a mental health and sex offender evaluation and appropriate follow-up if necessary and the imposition of other special conditions as may be appropriate.[6] Following a hearing on that motion, on February 2, 2010, the court granted the motion and entered the following Order:

> It is Ordered that the special conditions of probation, erroneously styled, "Special Conditions of Parole", signed by the Defendant on January 26, 2010, are hereby adopted by this Court and made special conditions of this Defendant's probation. Additionally, the handwritten terms of the "Parole Violation Warning Instruction", also dated January 26, 2010 are adopted by the Court and made special conditions of this Defendant's probation."[7]

On February 8, 2010, Coulter filed a notice of appeal from this Order. Her brief was filed on August 2, 2010 and the respondents' brief was filed on September 16, 2010.[8]

In her brief to the Superior Court, the petitioner raised the following issues:

I. The special condition of probation, which denied appellant any contact with or access to her natural daughter, is an unduly restrictive condition, in violation of appellant's constitutional rights and her liberty, and incompatible with her rights as a parent and with her freedom of conscience, under both the United States and Pennsylvania Constitutions.

II. The imposition of additional special conditions of probation imposed after sentencing and without any allegation of any violation was a double jeopardy violation and invalid because the sentencing court had no jurisdiction under law.[9]

In support of her petition here, Coulter contends she is entitled to relief on the following grounds:

---

[5] See: Exhibits 32 and 35 to the original answer of the Commonwealth.
[6] See: Exhibit 24 to the original answer of the Commonwealth.
[7] See: Exhibit 29 to the original answer of the Commonwealth.
[8] See: Exhibits 30, 39, 40 and 41 of the original answer of the Commonwealth.
[9] See: Exhibit 40 to the original answer of the Commonwealth.

I. Must petitioner's writ of habeas corpus be granted, on the ground that more than thirty (30) months after the imposition of sentence, the trial court completely lacked jurisdiction to modify the terms of probation of the petitioner. Thus, the court's order granting special conditions violated petitioner's due process rights?

II. Must petitioner's writ of habeas corpus be granted, on the ground that the trial court's modification of petitioner's probation, by addition of special conditions of probation after the commencement of petitioner's serving of that sentence, subjects the petitioner to double jeopardy?

III. Must petitioner's writ of habeas corpus be granted, on the ground that the court's imposition of a blanket order of no contact with petitioner's only child, for the term of probation, violates the petitioner's constitutional right to protection from cruel and unusual punishment?

IV. Must petitioner's writ of habeas corpus be granted, on the ground that the court's imposition of a blanket order of no contact with petitioner's only child, for the term of probation, violations the petitioner's fundamental rights as a parent?[10]

In a Report and Recommendation filed on October 27, 2010 and adopted by the Court on November 16, 2010, the petition was dismissed as premature due to the pendency of an appeal to the Superior Court of Pennsylvania. Petitioner filed a timely appeal and while that appeal was pending on February 25, 2011, the Superior Court denied her appeal and the federal petition was remanded in light of the fact that the petitioner had at that time exhausted the available state court remedies.[11] The respondents now concede that the instant petition is timely filed and that the petitioner has exhausted the available state court remedies.[12]

The petitioner in essence is alleging here that the determination to modify the conditions of her probation was invalid in that the court lacked jurisdiction to do so and in so acting the court violated both her due process and double jeopardy protections, and that the prohibition on her having contact with her child constitutes both cruel and unusual punishment and violates her fundamental rights as a parent.

The factual background to this case is set forth in the February 25, 2011 Memorandum of the Superior Court:

---

[10] See: Petitioner's memorandum of law in support of her federal habeas corpus petition.
[11] See: Order of the United States Court of Appeals for the Third Circuit filed on July 25, 2011 at No.10-4653.
[12] See: Doc. No. 45 at p.3, although the District Attorney argues that the exhaustion requirement has not been satisfied in that the petitioner did not seek relief from the Pennsylvania Supreme Court. This latter argument is meritless CITE.

On May 11, 2007, Appellant entered a negotiated plea of *nolo contendere* to one count of aggravated assault. She was originally charged with multiple counts, including involuntary deviate sexual intercourse, as a result of her actions toward her then ten-year –old daughter, including placing a magic marker in the child's rectum, and cutting her nose with a knife. The child was adjudicated dependent as a result of Appellant's actions. The trial court sentenced Appellant to fifteen to thirty months of imprisonment, to be followed by a three-year probationary term. The only condition placed upon Appellant's probationary term at sentencing was that she must attend any counseling as directed by her probation officer.

On January 22, 2010, three days prior to Appellant's release from prison, the Commonwealth filed a "Motion for Special Conditions of Probations," in which it stated that Appellant's State Parole and Probation Officer was requesting special conditions be placed on Appellant's probation, including that she have no contact with her daughter, the victim in the case …

Appellant served her maximum sentence. On January 25, 2010, she was released from prison and began serving her probationary term …

The trial court scheduled an evidentiary hearing on the Commonwealth's motion on February 1, 2010. By order entered February 2, 2010, the trial court granted the Commonwealth's motion. This appeal followed…[13]

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

---

[13] See: Exhibit 44 to the answer at pp.1-2.

4

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.
> We must thus decide whether the state supreme court's "adjudication of the claim ... resulted in a decision that was *contrary to*, or involved *an unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States...
>
> A state court adjudication is "contrary to" Supreme Court precedent if it results from the application of "a rule that contradicts the governing law set forth" by the Supreme Court or is inconsistent with Supreme Court decision in a case involving "materially indistinguishable" facts ... "A state court decision fails the 'unreasonable application' prong only 'if the court identifies the correct governing rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case or if the state court either unreasonably extends a legal principle from the Supreme court's precedent to a new context where it should not apply or unreasonably refuses to extend the principle to a new context where it should apply...(citations omitted).

5

That is, the state court determination must be objectively unreasonable. Renico v. Lett, 130 S.Ct. 1855 (2010).

The first issues which the petitioner raises here are that the trial court was without authority to change the probationary portion of her sentence at the time she was released from custody. When called upon to review these claims, the Superior Court wrote,

> The imposition of conditions upon Appellant's special probation was not a "modification" of her sentence subject to the timing limitation of 42 Pa.C.S.A. section 5505 [permitting modification of a sentence within thirty days of its entry]. Rather, the addition of the condition was made pursuant to 42 Pa.C.S.A. section 9771(a) which provides that the "court may at any time terminate continued supervision or lessen or increase the conditions upon which an order of probation has been imposed."

Thus, as a matter of interpretation of state law, the determination is not subject to review here. Waddington v. Sarausad, 129 S.Ct.823, 832 n.5 (2009); Taylor v. Horn, 504 F.3d 416 (3d Cir.2007), cert. denied 129 S.Ct. 92 (2008).

The final argument that the petitioner raises is that the no-contact portion of her probation violated her due process protection from cruel and unusual punishment and infringed on her fundamental parental rights. In reviewing this allegation, the Superior Court wrote,

> Appellant never claimed that the no-contact condition of her special probation violated her constitutional rights. Thus, as noted by the trial court, Appellant is improperly raising this issue for the first time on appeal. Thus, as the claim was not properly preserved on appeal, it is waived.[14]

In Coleman v. Thompson, 501 U.S. 722,750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

Because no such showing is made here, the petitioner's failure to raise this issue in the state courts compels that no further consideration is warranted here. Additionally, we observe that "federal habeas has never been available to challenge parental right or child custody," Lehman v. Lycoming County, 458 U.S. 502 (1982).

---

[14] See: Exhibit 44 at page 5.

Because there is no demonstration here that the determinations to modify the conditions of the petitioner's probation or to deny her parental rights during that period of probation were in any way contrary to the laws of the United States as determined by the Supreme Court, the petition here is without merit.

Accordingly, it is recommended that the petition of Jean Coulter for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date. Failure to do so will waive the right to appeal.

Respectfully submitted,
s/ Robert C. Mitchell
United States Magistrate Judge

Filed: October 11, 2011