IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEAN COULTER,                )
                             )
         Petitioner,         )
                             )
         v.                  )    Civil Action No. 10-965
TOM CORBETT,                 )
et al.                       )
                             )
         Respondents         )

MEMORANDUM AND ORDER

On July 22, 2010, the Petitioner, Jean Coulter ("Coulter" or "petitioner"), filed a petition for habeas corpus (ECF No. 1). On November 16, 2010, the petition was dismissed as premature due to the pendency of an appeal to the Superior Court of Pennsylvania (ECF No. 25). Coulter appealed the order dismissing her petition to the Court of Appeals for the Third Circuit (ECF No. 27). On February 25, 2011, the superior court denied Coulter's appeal. Accordingly, on July 25, 2011, the court of appeals vacated the order dismissing the petition and remanded the matter for further proceedings.

On October 11, 2011, a copy of the Report and Recommendation was forwarded to the parties by the magistrate judge. Petitioner filed objections (ECF No. 54) on October 21, 2011, arguing that the magistrate judge failed to consider her

argument that the trial court's modification of the terms of her probation subjected the petitioner to double jeopardy.

Petitioner's objection is without merit. In her brief to the superior court, Coulter argued that the post-sentencing imposition of additional special probation conditions represented a double jeopardy violation because the sentencing court lacked jurisdiction to modify the sentence. The superior court dismissed this argument, concluding that the imposition of conditions was not a sentence modification; rather, the imposition of conditions was rendered pursuant to 42 Pa. Cons. Stat. § 9771(a), which permits a court at any time to increase the conditions upon which the order of probation was imposed. Because the crux of Coulter's double jeopardy argument was premised on the trial court's lack of authority to modify the conditions of her probation, the appellate court's decision that the trial court acted appropriately defeated her double jeopardy argument.

In her petition for federal habeas relief, Coulter again argued, inter alia, that the trial court's addition of special conditions to the terms of her probation subjected her to double jeopardy. The magistrate judge summarized the petitioner's assertion in this regard as follows: "The petitioner in essence is alleging here that the determination to modify the conditions of her probation was invalid in that the

2

court lacked jurisdiction to do so and in so acting the court violated both her due process and double jeopardy protections . . . ." Report and Recommendation at 3. The magistrate judge concluded that the superior court's decision that the state trial court acted within its authority was a "matter of interpretation of state law, not subject" to federal habeas review. Id. at 6. The magistrate judge in the Report and Recommendation considered petitioner's double jeopardy claim and did not err in determining that it was not within this court's province to reexamine state court determinations on state law questions. Waddington v. Sarausad, 555 U.S. 179, 192 n.5 (2009).

AND NOW, this 23rd day of November, 2011, after the Petitioner, Jean Coulter, filed a petition for writ of habeas corpus, and after a Report and Recommendation was filed by the United States Magistrate Judge granting the parties fourteen days after being served with a copy to file written objections thereto, and upon consideration of the objections filed by the petitioner, and upon written review of the petition and the record and upon consideration of the magistrate judge's Report and Recommendation (ECF No. 50), which is adopted as the opinion of this court,

IT IS ORDERED that the petition for writ of habeas corpus filed by petitioner (ECF No. 1) is dismissed and a certificate of appealability is denied.

IT IS FURTHER ORDERED that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure if the Petitioner desires to appeal from this Order he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3 of the Federal Rules of Appellate Procedure.

/s/ Joy Flowers Conti
United States District Judge